# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES,

    Plaintiff,

v.         CV 11-0681 JP/WPL
    CR 10-1155 JP

JOSE ANTONIO LIMON-PENA

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Plaintiff Jose Antonio Limon-Pena's motion to vacate, set aside, or correct sentence for ineffective assistance of counsel pursuant to 28 U.S.C. § 2255. (Doc. 1; Cr. Doc. 41.)[1] Since Limon-Pena's claim may be resolved against him on the basis of the record alone, I have not conducted an evidentiary hearing. I now recommend that the motion be denied.

### PROCEDURAL & FACTUAL BACKGROUND

Immigration and Customs Enforcement officers arrested Limon-Pena on March 31, 2010, at his home in Anthony, New Mexico for illegal re-entry. (Cr. Doc. 1.) The United States brought charges against him (*id.*), and the Court appointed Mario Carreon as Limon-Pena's defense counsel (Cr. Doc. 8). Carreon negotiated a plea agreement for his client. (Cr. Doc. 13.) By its terms, Limon-Pena would plead guilty and waive his right to appeal or collaterally attack the conviction, and the United States would agree to a downward departure or adjustment to determine Limon-Pena's final adjusted offense level. (*Id.* at 2, 4.)

---

[1] "Doc." refers to documents in case number CV 11-681. "Cr. Doc." refers to documents in case number CR 10-1155.

On August 4, 2011, Limon-Pena filed a motion to vacate, set aside, or correct sentence for ineffective assistance of counsel pursuant to 28 U.S.C. § 2255. (Doc. 1; Cr. Doc. 41.) Four days later, Limon-Pena filed a second motion, this time bringing claims under 28 U.S.C. § 2241. (Doc. 3; Cr. Doc. 42.) The Court dismissed Plaintiff's § 2241 motion but ordered the United States to answer Limon-Pena's § 2255 motion. (Doc. 4; Cr. Doc. 43.) The United States filed its answer on October 7, 2011 (Doc. 7; Cr. Doc. 46), and provided supplemental briefing on the ineffective assistance of counsel claim on November 1, 2011 (Doc. 9; Cr. Doc. 47). Limon-Pena did not file a reply.

Limon-Pena's remaining § 2255 claim alleges ineffective assistance of counsel on three grounds. (Doc. 1 at 5-7; Doc. 41 at 5-7.) First, he states that although Carreon was aware of his desire to raise four issues on appeal, Carreon still negotiated an agreement which contained an appellate waiver. (*Id.* at 6-7). Second, he claims that Carreon "persuaded" Limon-Pena to accept the agreement by promising a "good defense," and third, that Carreon "refused to object to the contents of the Presentence Probation Report." (*Id.* at 6.)

## DISCUSSION

### I.     Evidentiary Hearing

A court must conduct a hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. *See also United States v. Lopez*, 100 F.3d 113, 119 (10th Cir. 1996). Under this standard, "the petitioner bears the burden of 'alleging facts which, if proved, would entitle him to relief.'" *Hatch v. Oklahoma*, 58 F.3d 1447, 1457 (10th Cir. 1995) (citations omitted). Accordingly, if the prisoner alleges facts, which, if believed, cannot be grounds for relief, there is no need for a hearing. *Id.* Additionally, the prisoner's "allegations must be specific and particularized; conclusory allegations

will not suffice to warrant a hearing." *Id. See also Eskridge v. United States*, 443 F.2d 440, 443 (10th Cir. 1971) (conclusory assertions by the defendant are insufficient to warrant a hearing); *United States v. Kutilek*, 260 F. App'x 139, 146 (10th Cir. 2008) (unpublished) (same). If the claims relate to occurrences in the courtroom or evidence in the record, then the Court need not conduct a hearing. *Machibroda v. United States*, 368 U.S. 487, 494-95 (1962).

None of Limon-Pena's allegations warrant an evidentiary hearing under this standard. With respect to the first two claims, Limon-Pena has not alleged facts which, even if true, can justify relief, as will be discussed below. Since he cannot meet the legal burden of proving ineffective assistance, I decline to hold a hearing on these two issues.

Limon-Pena's third claim is that Carreon refused to object to the contents of his Pre-sentence Report. This is simply not true. On August 20, 2010, Carreon filed an objection to the Pre-sentence Report and request for sentence below the guideline range. (Cr. Doc. 20.) A hearing is not warranted on this point since the record contains all necessary evidence to rebut this claim.

## II.     Ineffective Assistance of Counsel

An ineffective assistance of counsel claim cannot be waived in a plea agreement. *United States v. Hahn*, 359 F.3d 1315, 1327 (10th Cir. 2004); *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). I must, therefore, review the merits of Limon-Pena's ineffective assistance claim even though his plea agreement contains an appellate waiver.

To prevail, Limon-Pena must satisfy a two-pronged test. First, he must show that counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). This requires a showing that the performance is "completely unreasonable, not simply wrong." *Fox v. Ward*, 200 F.3d 1286, 1295 (10th Cir. 2000) (citing *Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir. 1997)). Judicial scrutiny of counsel's performance is highly deferential,

and the Court must apply a strong presumption that the attorney acted within the range of "reasonableness." *Harrington v. Richter*, 131 S. Ct. 770, 778 (2011); *Strickland,* 466 at 689. If Limon-Pena cannot satisfy the first prong, then the Court's inquiry will end there. *Fox*, 200 F.3d at 1295 ("An ineffective assistance claim may be resolved on either performance or prejudice grounds alone."). At the second prong, Limon-Pena must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*.

        *A.*     *Claim One: Inclusion of the Waiver*

Limon-Pena claims that Carreon negotiated a plea agreement with appellate and collateral attack waivers even though he knew that Limon-Pena wanted to preserve and raise four issues on appeal. (Doc. 1 at 6; Cr. Doc. 41 at 6.) Limon-Pena does not claim that he was unaware of the inclusion of the waiver at the time he agreed to them, nor does he state that he did not understand them. In fact, at the plea hearing, the Magistrate Judge specifically asked him if he understood the terms of the plea and if he was aware that he was forfeiting his right to appeal, and he replied "Yes" to both questions. (Cr. Doc. 39 at 9, 12.) Thus, the core of the alleged constitutional deficiency is that the final agreement contained a term he did not like.

To be clear, appellate and collateral attack waivers do not pose any constitutional challenges when they are entered into knowingly and voluntarily. *Cockerham*, 237 F.3d at 1181 (citing *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1988)). Not only are appellate waivers constitutional, they are common practice. *See* Nancy J. King & Michael E. O'Neill, *Appeal Waivers and the Future of Sentencing Policy*, 55 DUKE L.J. 209, 212 (2005) (sampling 971 felony pleas across that nation in 2003 and finding that two-thirds included an appellate waiver); Robert K.

Calhoun, *Waiver of the Right to Appeal*, 23 HASTINGS CONST. L. Q. 127, 129 (1995) (explaining that requiring a defendant to waive appellate rights is an increasingly common condition of plea agreements).

Since the waivers are generally acceptable, Limon-Pena must demonstrate that the inclusion of the waiver was against his will or knowledge. He does not allege this to be the case, and it appears as if the crux of his argument is that Carreon should have negotiated the agreement he wanted as opposed to the one that he got. However, Limon-Pena knew to what he was agreeing, and if he did not find the terms acceptable, then he should not have accepted them. Even if I believe that Carreon knew his client's wishes, there is no constitutional deficiency since Limon-Pena freely accepted the terms of the plea.

  B.  *Claim Two: Persuasion*

Limon-Pena's second allegation is that Carreon "was ineffective because he 'failed to seek a 'good defense' to bring before the Sentencing Court as [h]e had promised at the time [h]e persuaded [m]e to accept the Plea Agreement.'" (Doc. 1 at 6; Cr. Doc. 41 at 6.) Read liberally, it seems as if Limon-Pena argues that Carreon persuaded him to accept the plea by promising to try to obtain the lowest possible sentence. Even if Carreon made such a promise,[2] this cannot be grounds for relief.

"Coercion by the accused's counsel can render a plea involuntary." *United States v. Estrada*,

---

[2] The Magistrate Judge taking Limon-Pena's plea asked twice, once in connection with his guilty plea and once with respect to the appellate waiver, if anyone had made any promises to get him to accept the plea which were not included in the agreement. (Cr. Doc. 39 at 6, 12.) He responded "no" both times. *Id.* Typically, statements of this kind at plea hearings are accepted as true, unless there is a believable reason which indicates otherwise. *United States v. Bambulas*, 571 F.2d 525, 526 (10th Cir. 1978) ("The truth and accuracy of [the accused's] statements are regarded as conclusive in the absence of a believable reason justifying departure from their apparent truth."). For the purpose of this plea, however, I will accept Limon-Pena's version of the facts, because they still cannot justify relief.

849 F.2d 1304, 1306 (10th Cir. 1988). However, persuasion by an attorney to take a plea is not a constitutional violation. *See United States v. Jones*, 361 F. App'x 969, 971 (10th Cir. 2010) (unpublished) (holding that it is not constitutionally deficient to persuade client to plead guilty by explaining a trial could result in a higher sentence); *United States v. Bridges*, 68 F. App'x 896, 900 (10th Cir. 2003) (unpublished) (citing *Voytik v. United States*, 778 F.2d 1306, 1309 (8th Cir. 1985)). *See also Brady v. United States,* 397 U.S. 742, 750 (1970) (acknowledging that "the State to some degree encourages pleas.").

Here, Limon-Pena claims that his attorney promised to raise a "good defense" at sentencing, which is what persuaded him to take the agreement. He does not claim he was coerced, and, during his plea colloquy, he told the Magistrate Judge that he had not been threatened or coerced in any way. (Cr. Doc. 39 at 6.) Promising to raise a "good defense" at sentencing was merely an attorney's attempt to reassure his client that he would continue to advocate on his behalf. This is not completely unreasonable, and so it cannot rise to the level of incompetence necessary to substantiate ineffective assistance of counsel.

As previously discussed, Limon-Pena's third claim is patently false, so I need not analyze its merits under *Strickland*.

## CONCLUSION

Because Limon-Pena has not alleged facts which, even if true, rise to the level of ineffective assistance of counsel, I recommend that this Court DENY Limon-Pena's motion to vacate his sentence and dismiss this cause with prejudice.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.